■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN KEENE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered June 19, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in refusing to allow impeachment of the prosecution's witness Marie Bischone by proof of her prior inconsistent statements is without merit. The alleged prior inconsistent statements dealt with matter which was collateral to the ultimate issues before the jury; thus, the court properly exercised its discretion to preclude testimony with respect to the statements *(see, People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910). Moreover, a proper foundation was not laid for the introduction of the proffered testimony, in that the witness was not given an "opportunity to explain any apparent inconsistency between the testimony at trial and [her] previous statements" *(People v Duncan, supra,* at 81).

Also without merit is the contention that the defendant was deprived of his right to a fair trial because the prosecution made promises to the witness Marie Bischone in exchange for her testimony and then failed to disclose or acknowledge those promises. The record does not contain an adequate evidentiary basis to conclude that promises were made to the witness in exchange for her testimony.

We reject the defendant's contention that the court committed reversible error in refusing to charge the jury that Bischone was a paid police informer. The evidence adduced at the

trial did not justify a finding, as a matter of law, that the witness was a paid police informer. Accordingly, the court properly refused to give the requested charge. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.